IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN, MILWAUKEE DIVISION

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| BELL FLAVORS & FRAGRANCES, INC. AND TALISHA BRAY, | ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Associated Industries Insurance Company, Inc. ("Associated"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against Defendants Bell Flavors & Fragrances, Inc. ("Bell Flavors") and Talisha Bray, states as follows:

**NATURE OF THE ACTION**

1. In this action, Plaintiff Associated seeks a determination of its rights and obligations under insurance policies issued to Defendant Bell Flavors in connection with an Underlying Action (defined herein) filed by Defendant Talisha Bray, which asserts claims against Defendant Bell Flavors.

2. The Underlying Action is pending in the Circuit Court of Milwaukee County, Wisconsin.

3. Plaintiff Associated issued successive Commercial General Liability Policies (the "Policies" as defined herein) to Defendant Bell Flavors, as described more fully below.

4. Defendant Bell Flavors tendered the claims asserted against it in the Underlying Action to Plaintiff Associated for a defense and indemnity under the Policies.

5. The scope of coverage available to Defendant Bell Flavors in connection with the claims asserted against it in the Underlying Action is governed by the terms, conditions, and exclusions of the Policies.

## JURISDICTION AND VENUE

6. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

7. Plaintiff Associated is a corporation organized under the laws of Florida with its principal place of business in Boca Raton, Florida.

8. Defendant Bell Flavors is a corporation organized under the laws of Illinois with its principal place of business in Northbrook, Illinois.

9. Defendant Talisha Bray is a resident of Milwaukee, Wisconsin and a citizen of the State of Wisconsin. Plaintiff Associated does not assert any claims against Defendant Talisha Bray in the Complaint and she has been named as defendant in this action solely as a necessary and indispensable party.

10. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff Associated, on the one hand, and Defendants Bell Flavors and Talisha Bray, on the other hand; and (b) the amount in controversy, including the potential costs of defending and indemnifying Defendant Bell Flavors with regard to the Underlying Action exceeds $75,000.

11. Venue is appropriate under 28 U.S.C. § 1391(b)(2) since a substantial part of the events giving rise to this action occurred in this judicial district.

12. An actual justiciable controversy exists between Plaintiff Associated, on the one hand, and Defendants Bell Flavors and Talisha Bray, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202,

this Court is invested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

## UNDERLYING ACTION

13. On May 22, 2019, Defendant Talisha Bray ("Bray") filed a lawsuit styled *Talisha Bray v. Bell Flavors and Fragrances, Inc., et al.*, Case No. 19-CV-3991, in the Circuit Court of Milwaukee, County, Wisconsin against several defendants, including Defendant Bell Flavors (the "Underlying Action").

14. The Third Amended Complaint (the "Complaint") is the operative pleading in the Underlying Action. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

15. The Complaint alleges that Defendant Bray was employed from approximately 2014 to the present by Kerry, Inc. at its facility located in Jackson, Wisconsin. Ex. A, ¶ 4.

16. The Complaint further alleges that Defendant Bell Flavors designed, manufactured, supplied, sold, and/or distributed toxic flavorings used at the Kerry facility located in Jackson, Wisconsin. Ex. A, ¶ 6.

17. The Complaint further alleges that all of the named defendants designed, manufactured, supplied, distributed, and/or sold flavorings and/or their constitutes, including but not limited to, diacetyl, 2,3 pentanedione (acetyl propionyl), 2.3 hexanedione, 2,3 heptanedione, and other diacetyl substitutes, which caused injuries to Ms. Bray while she was employed in various positions at a Kerry facility in Jackson, Wisconsin. Ex. A, ¶ 22.

18. Specifically, the Complaint alleges that the defendants' toxic flavorings cause bronchiolitis obliterans; chronic obstructive pulmonary disease ("COPD"); emphysema; asthma; respiratory disease, severe lung impairment; and shortness of breath. Ex. A, ¶ 27.

19. The Complaint further alleges that Defendant Bray suffers from one or more of these lung diseases as a result of her exposure to the underlying defendants' flavoring products. Ex. A, ¶ 28.

20. The Complaint asserts causes of actions against, *inter alia*, Defendant Bell Flavors for Negligence; Strict Product Liability; Strict Product Liability (failure to warn); Strict Product Liability (failure to instruct); and violations of the Deceptive Trade Practices Act. The Complaint seeks, *inter alia*, an award of compensatory and punitive damages. Ex. A, ¶¶ 31-63.

## INFORMATION ASCERTAINED DURING ASSOCIATED'S INVESTIGATION AND/OR DISCOVERY IN THE UNDERLYING ACTION

21. Defendant Bray began working at the Kerry factory in Jackson, Wisconsin in 2014 and stopped working for Kerry in 2020.

22. Defendant Bray was diagnosed with Flavoring Related Bronchiolitis Obliterans Syndrome in February 2018.

23. Defendant Bell Flavors made only four shipments of a diacetyl containing substitute product to Kerry, Inc. on January 2, 2013, June 6, 2013, November 24, 2013, and July 23, 2014.

24. None of the above-referenced shipments by Defendant Bell Flavors of a diacetyl containing substitute product were made to the Kerry facility in Jackson, Wisconsin (the "Facility") where Defendant Bray allegedly worked.

25. The shipments of a diacetyl containing substitute product to Kerry, Inc. made by Defendant Bell Flavors were to a different Kerry facility located in Sturtevant, Wisconsin.

## THE POLICIES

26. Associated Industries Insurance Company issued successive policies to Defendant Bell Flavors which were in effect between December 1, 2018 and December 1, 2020

(collectively, the "Policies"). A true and accurate copy of the Policies are attached hereto as **Group Exhibit B**.

27. The Policies each provide Commercial General Liability coverage, subject to limits of liability of $1 million per Each Occurrence, $1 million Personal and Advertising Limit and a $5 million General Aggregate, subject to a $5,000 per occurrence/per offense deductible. Ex. B, AIIC0005; AIIC0093; AIIC0115; AIIC0201.

28. The Policies contain substantially similar terms and provisions, which are set forth below as contained in Policy No. AES1085302 01, which was in effect between December 1, 2018 to December 1, 2019.

29. Coverage A under the Commercial General Liability Part of the Policies provides, in pertinent part, as follows:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit' seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

        **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

        \* \* \*

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

Page **5** of 15

Case 2:22-cv-00751-LA   Filed 06/29/22   Page 5 of 15   Document 1

    **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"

    **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

* * *

Ex. B, AIIC0019; AIIC0127.

30. Coverage B under the Commercial General Liability Part of the Policies provides, in pertinent part, as follows:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . . .

* * *

Ex. B, AIIC0023; AIIC0131.

31. Section V – Definitions of the Policies contains the following relevant definitions:

* * *

    **3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

    **13**.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

    **14.**    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

  **a.** False arrest, detention or imprisonment;

  **b.** Malicious prosecution;

  **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

  **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services;

  **e.** Oral or written publication, in any manner, of material that violate a person's right of privacy;

  **f.** The use of another's advertising idea in your "advertisement"; or

  **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

* * *

**17.** "Property damage" means:

  **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

* * *

Ex. B, AIIC0030-32; AIIC0138-140.

  32. The Policies contain the following Exclusion – Continuous, Progressive or Repeated Offenses endorsement (hereinafter referred to as the "Continuous & Progressive Endorsement"):

  **2.** **Exclusions**

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" including continuous, progressive or repeated "bodily injury", "property damage", or "personal and advertising injury"

**Continuous, Progressive or Repeated Offenses:**

**(1)** that first occurs, in whole or in part, prior to the effective date of this policy;

**(2)** first occurs, in whole or in part, prior to the effective date of this policy and also occurs during the policy period;

**(3)** first occurs, in whole or in part, prior to the effective date of this policy, also occurs during the policy period, and ceases to occur after the expiration or cancellation date of this policy;

**(4)** first occurs, in whole or in part, after the expiration or cancellation date of this policy; or

**(5)** is alleged in a "suit" against any Insured where the filing date of the original complaint or other pleading initiating that "suit" is a date preceding the effective date of this policy, regardless of whether any Insured was named as a party to, or was served with process regarding, that "suit" prior to the effective date of this policy.

The exclusions stated in Paragraphs **(1), (2), (3), (4)** and **(5)** apply regardless of whether the "bodily injury", "property damage", or "personal and advertising injury" was or is known or unknown by any Insured.

For purposes of the exclusions stated in Paragraphs **(1), (2), (3), (4)** and **(5)**, in the event of continuous, progressive or repeated "bodily injury", "property damage", or "personal and advertising injury" over any length of time, such "bodily injury" or "property damage" shall be deemed to be one "occurrence" and shall be deemed to occur at the time the "bodily injury", "property damage" or "personal and advertising injury" first begins.

Ex. B, AIIC0097; AIIC0205.

33. The Policies also contain a Deductible Liability Endorsement which provides a $5,000 deductible per occurrence for bodily injury claims. Ex. B, AIIC0093; AIIC0201.

## THIS DISPUTE

34. Defendant Bell Flavors has sought a defense and indemnity from Plaintiff Associated under the Policies in connection with the claims asserted against it in the Underlying Action.

35. Plaintiff Associated agreed to defend Defendant Bell Flavors pursuant to a full and complete reservations of rights, including the right to file a declaratory judgment action seeking a ruling as to its obligations under the Policies in connection with the Underlying Action.

36. Plaintiff Associated has determined through its coverage investigation that it owes no obligation to defend or indemnify Defendant Bell Flavors in connection with the claims asserted against it in the Underlying Action.

37. Plaintiff Associated has advised Defendant Bell Flavors in writing that it disclaims any obligation under the Policies to provide a defense and/or indemnify Defendant Bell Flavors in connection with the claims asserted against it in the Underlying Action and, therefore, will be withdrawing from its participation in the defense of Defendant Bell Flavors in the Underlying Action.

38. Plaintiff Associated now brings this action to obtain a judicial declaration that it owes no duties under the Policies to defend or indemnify Defendant Bell Flavors in connection with the claims asserted against it in the Underlying Action.

**COUNT I**
**No Duty to Defend or Indemnify Under Coverage A of the Policies**

39. Plaintiff Associated incorporates by reference herein paragraphs 1 through 38, as if the same were fully set forth at length.

40. The Insuring Agreement of Coverage A of the Commercial General Liability Part of the Policies provides, in pertinent part, that "[Associated] will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. . . ." Ex. B, AIIC0019; AIIC0127.

41. The Insuring Agreement of Coverage A further provides that "[t]his insurance applies to 'bodily injury' and 'property damage' only if . . . [t]he 'bodily injury' or 'property damage' is caused by an "occurrence" that takes place in the "coverage territory" and '[t]he 'bodily injury' or 'property damage' occurs during the policy period." Ex. B, AIIC0019; AIIC0127.

42. The Policies define "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." The Policies define "property damage" to mean "[p]hysical injury to tangible property, including all resulting loss of use of that property" or "[l]oss of use of tangible property that is not physically injured. AIIC0032; AIIC0140.

43. The Complaint filed in the Underlying Action does not allege any "property damage" as defined in the Policies for which Defendant Bray seeks to impose liability against Defendant Bell Flavors.

44. To the extent the Complaint could reasonably be interpreted as alleging Defendant Bray sustained "bodily injury" as defined under the Policies, the insuring agreement of Coverage A further provides that the insurance provided under the Policies applies to "bodily injury" only if, *inter alia*, the "bodily injury" occurs during the policy period. Ex. B, AIIC0019; AIIC0127.

45. The Policies were in effect between December 1, 2018 and December 1, 2020. Ex. B, AIIC0005; AIIC0113.

46. Although the Complaint in the Underlying Action alleges that Defendant Bray was employed from approximately 2014 to the present by Kerry, Inc. at the Facility located in Jackson, Wisconsin, Plaintiff Associated has determined through its investigation that Defendant Bell Flavors made a total of four shipments of a diacetyl containing substitute product to Kerry, Inc. (which occurred on January 2, 2013, June 6, 2013, November 24, 2013,

and July 23, 2014), which were made to a different Kerry facility located in Sturtevant, Wisconsin.

47. Through its ongoing investigation, Plaintiff Associated has also determined that Ms. Bray was diagnosed with Flavoring Related Bronchiolitis Obliterans Syndrome in February 2018.

48. Since Plaintiff Associated's investigation has determined that the only shipments by Bell Flavors of a diacetyl containing substitute to Kerry, Inc. were made to a facility other than the Facility where the Complaint in the Underlying Action alleges Defendant Bray worked, and Plaintiff Associated has further determined that Defendant Bray was diagnosed with Flavoring Related Bronchiolitis Obliterans Syndrome in February 2018, the allegations of the Complaint filed in the Underlying Action do not seek to impose liability against Defendant Bell Flavors for "bodily injury" that occurred during the Policies' effective periods and, therefore, the coverage afforded under the Policies does not apply to the claims asserted against Defendant Bell Flavors by Defendant Bray.

49. Plaintiff Associated has advised Defendant Bell Flavors in writing that it disclaims any obligation under the Policies to defend or indemnify Defendant Bell Flavors in connection with the claims asserted against it in the Underlying Action because such claims fail to satisfy the requirements of the Insuring Agreement of Coverage A of the Commercial General Liability Coverage Part of the Policies and, therefore, Associated will withdraw from the defense of Bell Flavors in the Underlying Action thirty (30) days.

50. Moreover, to the extent the allegations contained in the Complaint could reasonably be interpreted as asserting claims which satisfy the requirements of coverage under the insuring agreement of Coverage A, the Continuous & Progressive Endorsement contained in the Policies would operate to preclude coverage for such claims.

51.     The Continuous & Progressive Endorsement provides, in pertinent part, that "[t]his insurance does not apply to 'bodily injury' . . . including continuous, progressive or repeated 'bodily injury' that "first occurs, in whole or in part, prior to the effective date of this policy and also occurs during the policy period" or "first occurs, in whole or in part, prior to the effective date of this policy and also occurs during the policy period". Ex. B, AIIC0097; AIIC0205.

52.     The Continuous & Progressive Endorsement further provides, in pertinent part, that "in the event of continuous, progressive or repeated 'bodily injury' . . . over any length of time, such 'bodily injury' shall be deemed to be one 'occurrence' and shall be deemed to occur at the time the 'bodily injury' . . . first begins." Ex. B, AIIC0097; AIIC0205.

53.     The Complaint filed in the Underlying Action alleges that, as a result of her exposure to toxic flavorings during her employment at the Facility, Defendant Bray suffered from certain lung diseases.

54.     The Complaint further alleges Defendant Bray was employed at the Facility from approximately 2014 to the present. Ex. A, ¶ 4.

55.     The Policies were in effect between December 1, 2018 and December 1, 2020. Ex. B, AIIC0005; AIIC0113.

56.     The Complaint alleges that Defendant Bray sustained "bodily injury" from exposure to toxic flavoring during her employment at the Facility which first occurred, in whole or in part, prior to the effective date of the Policies or, alternatively, first occurred, in whole or in part, prior to the effective date of the Policies and also occurred during the effective period of the Policies.

57.     Accordingly, even if the allegations of the Complaint filed in the Underlying Action meet the requirements of the insuring agreement of Coverage A, coverage for the claims

asserted against Defendant Bell Flavors in the Underlying Action would be precluded by the operation of the Continuous & Progressive Endorsement of the Policies.

58. Plaintiff Associated has advised Defendant Bell Flavors in writing that it disclaims any obligation under the Policies to defend or indemnify Defendant Bell Flavors in connection with the claims asserted against it in the Underlying Action, and therefore will be withdrawing from its participation in the defense of Defendant Bell Flavors in the Underlying Action, because such claims fail to satisfy the requirements of the Insuring Agreement of Coverage A of the Commercial General Liability Coverage Part of the Policies and that, even if the allegations of the Complaint filed in the Underlying Action meet the requirements of the insuring agreement of Coverage A, coverage for the claims asserted against Defendant Bell Flavors in the Underlying Action would be precluded by the operation of the Continuous & Progressive Endorsement of the Policies.

WHEREFORE, Plaintiff Associated seeks a judgment that it owes no duty under the Policies to defend or indemnify Defendant Bell Flavors in connection with the claims asserted in the Underlying Action.

## COUNT III
### No Duty to Defend or Indemnify Under Coverage B of the Policies

59. Associated incorporates by reference herein paragraphs 1 through 58, as if the same were fully set forth at length.

60. The Insuring Agreement of Coverage B of the Commercial General Liability Part of the Policies provides that "[Associated] will pay those sums that the insured becomes legally obligated to pay damages because of 'personal and advertising injury' to which this insurance applies. . . . However, we will have no duty to defend the insured against any 'suit' seeking damages for 'personal and advertising injury' to which this insurance does not apply." Ex. B, AIIC0023; AIIC0131.

61. The Policies' definition of "personal and advertising injury" contains seven enumerated offenses. Ex. B, AIIC0032; AIIC00140.

62. The Complaint filed in the Underlying Action does not allege that Defendant Bray sustained "personal and advertising injury," as defined under the Policies, as a result of Defendant Bell Flavors' designing, manufacturing, suppling, selling and/or distributing of toxic flavorings that were used at the Facility. As a result, the Complaint in the Underlying Action does not seek to impose liability against Defendant Bell Flavors for damages because of "personal and advertising injury" as defined in the Policies.

63. Accordingly, Plaintiff Associated disclaims any obligation under the Policies to defend or indemnify Defendant Bell Flavors in connection with the claims asserted against it in the Underlying Action because such claims fail to satisfy the requirements of the Insuring Agreement of Coverage B of the Commercial General Liability Coverage Part of the Policies.

64. Plaintiff Associated has advised Defendant Bell Flavors in writing that it disclaims any obligation under the Policies to defend or indemnify Defendant Bell Flavors in connection with the claims asserted against it in the Underlying Action, and therefore will be withdrawing from its participation in the defense of Defendant Bell Flavors in the Underlying Action, because such claims fail to satisfy the requirements of the Insuring Agreement of Coverage B of the Commercial General Liability Coverage Part of the Policies.

WHEREFORE, Plaintiff Associated seeks a judgment that it owes no duty under the Policies to defend or indemnify Defendant Bell Flavors in connection with the claims asserted in the Underlying Actions.

## PRAYER FOR RELIEF

Plaintiff Associated Industries Insurance Company hereby respectfully requests the entry of an order and judgment in its favor and against Defendant Bell Flavors, declaring as follows:

a. This court has jurisdiction over the parties and the subject matter of this litigation;

b. The Policies do not provide coverage to Defendant Bell Flavors for the claims asserted against it in the Complaint filed in the Underlying Action;

c. Associated Industries Insurance Company does not owe a duty under the Policies to defend Defendant Bell Flavors, or reimburse defense costs incurred by Defendant Bell Flavors, in connection with the claims asserted against it in the Complaint filed in the Underlying Action;

d. Associated Industries Insurance Company does not owe a duty under the Policies to indemnify Defendant Bell Flavors in connection with the claims asserted against it in the Complaint filed in the Underlying Action;

e. Associated Industries Insurance Company is entitled to an award of its costs; and

f. Such other further relief as this Court deems just and appropriate.

Dated: June 29, 2022

Respectfully Submitted,

By: /s/ James J. Hickey
James J. Hickey Atty. No. 6198334

james.hickey@kennedyslaw.com
KENNEDYS CMK
100 North Riverside Plaza, Suite 2100
Chicago, IL 60606
Phone: (312) 800-5029
Fax: (312) 207-2110

*Attorneys for Associated Industries Insurance Company, Inc.*